NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4756
_____

SESCO ENTERPRISES,  LLC
By and Through Michael Schubiger, its Tax Matters Partner,
                                                                        Appellant

v.

UNITED STATES OF AMERICA

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 3:10-cv-01470)
District Judge: Honorable Anne E. Thompson
_____

Argued September 21, 2011
_____

Before: FISHER, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.


(Filed: November 7, 2011)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant, SESCO Enterprises, LLC ("SESCO"), through its tax matters partner, Michael Schubiger, seeks reversal of the District Court's decision to grant a motion for judgment on the pleadings in favor of Appellee, United States ("the Government"). For the reasons stated herein, we will vacate the District Court's Order.

## I. <u>BACKGROUND</u>

We recite the pertinent facts primarily for the benefit of the parties. Appellant, SESCO, trades in electricity futures contracts on marketplaces ("exchanges") regulated by the Federal Energy Regulatory Commission ("FERC"). In tax years 2004 and 2005, SESCO filed tax returns claiming favorable tax treatment for profits stemming from these trades. The Internal Revenue Service ("IRS") audited SESCO and adjusted the company's tax filings on the ground that the FERC-regulated exchanges did not qualify for favorable tax treatment under 26 U.S.C. § 1256.

SESCO filed suit in the United States District Court for the District of New Jersey challenging the IRS's adjustments pursuant to 26 U.S.C. § 6226. In Counts One and Two of the complaint (one relating to each tax return), SESCO asserted that the IRS acted arbitrarily and capriciously and abused its discretion when it adjusted SESCO's tax filings without making a qualified board or exchange ("QBE") determination regarding the FERC-regulated exchanges on which it trades. Count Three then alleged that the IRS failed to follow certain procedural requirements in conducting Appellant's audit and

2

appeal in violation of a Treasury Regulation, 26 C.F.R. § 601.106(f)(9)(iii), and two Revenue Procedures, Rev. Proc. 2010-2 and 2000-43.  This opinion addresses only SESCO's claims regarding the IRS's adjustment of its tax filings (i.e., Counts One and Two), as SESCO has not appealed the District Court's findings on Count Three.

The District Court dismissed the case on a motion for judgment on the pleadings, concluding that it lacked jurisdiction to review the IRS's adjustment of SESCO's 2004 and 2005 tax filings.  Specifically, the Court ruled that it could not review the IRS's adjustments to Appellant's tax filings because there was no law for it to apply to decide whether the IRS properly declined to make a QBE determination regarding the FERC-regulated exchanges.

## II.  JURISDICTION AND STANDARD OF REVIEW

The District Court had original jurisdiction over the underlying case, pursuant to 28 U.S.C. § 1331.  We have jurisdiction over the appeal from a final order of the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1291. Appellant filed a timely notice of appeal.

"Our scope of review of the district court's decision on" whether "judicial review was . . . available pursuant to 5 U.S.C. § 701(a)(2)" and whether the agency action was not "in accordance with law . . . is plenary."  *Raymond Proffitt Found. v. U.S. Army Corps of Eng'rs.*, 343 F.3d 199, 203 (3d Cir. 2003) (citing *Davis Enters. v. U.S. E.P.A.*, 877 F.2d 1181, 1184 (3d Cir. 1989) (omission in original)).

# III. ANALYSIS

The District Court granted the Government's motion for judgment on the pleadings because "there [was] no law to apply, and the clear and convincing evidence shows a legislative intent to preclude judicial review." App. 07. After announcing this holding, the District Court concluded that it "[did] not have jurisdiction to hear Counts One and Two of the Petition." *Id.* Without addressing the substantive arguments posited by each party, we vacate the District Court's Order and hold that it does have jurisdiction over this matter pursuant to 26 U.S.C. § 6226.

Federal appellate courts have an obligation to inquire into their own jurisdiction and that of the district court. *Anthony v. Council*, 316 F.3d 412, 416 (3d Cir. 2003); *FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990) (We review our subject matter jurisdiction over the matter "even if the courts below have not passed on it, and even if the parties fail to raise the issue before us.") (internal citation omitted). In its petition before the District Court, Appellant sought relief from the IRS's adjustments to its 2004 and 2005 tax returns, under 26 U.S.C. § 6226. Specifically, SESCO claimed that the IRS erroneously adjusted lines 8 and 11 of Schedule K of both its 2004 and 2005 tax returns. The District Court, focusing on the substantive QBE determinations (or lack thereof) underlying the IRS's adjustment decisions, concluded that it "lacked jurisdiction to hear Counts One and Two of the Petition." App. 07.

Title 26 U.S.C. § 6226 provides tax filers with a right to be heard in appealing IRS adjustments of this nature; therefore, we must begin our analysis with the statute. We

4

find that the District Court's conclusion contravenes the plain language of 26 U.S.C. § 6226. Title 26, United States Code Section 6226 states,

> "[w]ithin 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with . . . the district court of the United States for the district in which the partnership's principal place of business is located."

The plain language of the statute authorizes a tax matters partner, such as Mr. Schubiger on behalf of SESCO, to file a petition for readjustment, such as the one at issue here, in the district court where its principal place of business is located. It, therefore, gives the district court jurisdiction to resolve the disputes in the petition.[1]

We hold that 26 U.S.C. § 6226 firmly establishes jurisdiction for the District Court to adjudicate Counts One and Two of Appellant's petition for readjustment. We make no judgment regarding the District Court's substantive analysis and vacate and remand only on the Court's conclusion that it lacked jurisdiction to hear the case. Consequently, we reserve for the District Court to determine, in the first instance, any relevant factual and legal analysis regarding the substantive issues underlying the IRS's adjustments.

---

[1] We note, parenthetically, that the Government does not assert that the District of New Jersey is an improper venue, nor does it allege that SESCO's tax matters partner failed to file such petition within the allotted timeframe.

5

## IV.  <u>CONCLUSION</u>

We find that the District Court erred in concluding that it did not have jurisdiction to hear Counts One and Two of Appellant's petition for readjustment.  We will vacate the District Court's Order granting the Government's motion for judgment on the pleadings and will remand this matter for further consideration by the District Court, consistent with this Opinion.